IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL JOSEPH MANANT & ANNETTE LYNNE MANANT,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITED STATES, dba, CORPORATION, ET AL.,<br><br>　　　　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 10-00566 JMS/KSC<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

## I. INTRODUCTION

Plaintiffs Michael and Annette Manant ("Plaintiffs"), proceeding *pro se*, filed this action on September 30, 2010, naming the following as Defendants: (1) "United States, dba, Corporation," (2) "Department of IRS dba Corporation," (3) "Department of the Treasury," and (4) "Mrs. Royston." Plaintiffs' 66-page Complaint appears to assert (or mentions) "claims of injury" for violations of "The Trading with the Enemy Act, War Crimes, Hate Crimes, R.I.C.O., Honest Service Fraud & Violations of the District of Columbia Constitution & the District of Columbia Statues (sic)." Compl. at 1. Attached to the Complaint are six exhibits consisting of 148 pages of miscellaneous documents. On October 7, 2010,

Plaintiffs filed an Amended Complaint, which is substantively similar to the original Complaint, with an additional two pages added to one of the exhibits. Plaintiffs have paid the necessary statutory filing fee.

Upon *sua sponte* review for a basis of federal jurisdiction in the Amended Complaint (and the exhibits attached to it), the court DISMISSES the Amended Complaint because it does not comply with Federal Rules of Civil Procedure 8 and 12(b)(6).  The dismissal is without prejudice.  Plaintiffs may file a Second Amended Complaint attempting to cure the deficiencies by December 7, 2010.  If no Second Amended Complaint is filed by that date, the action will be dismissed and Judgment will enter against Plaintiffs.

## II.  **STANDARD OF REVIEW**

Because Plaintiffs are proceeding pro se, the court liberally construes their pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Nevertheless, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Additionally, a complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte*. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

The court may also dismiss a complaint *sua sponte* for failure to comply with Federal Rule of Civil Procedure 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San

*Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). "The propriety of dismissal

for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

### III. **DISCUSSION**

Applying the preceding principles, the court dismisses the Amended Complaint for lack of subject matter jurisdiction under its own motion under Rule 12(b)(6). The Amended Complaint consists of sixty-six pages of largely unrelated legal concepts and terms combined in a nonsensical manner. It appears to allege that Defendants and/or the court are operating under the Trading With the Enemy Act, and in violation of "the Federal Debt Collection Procedure," and 28 U.S.C § 1608. Am. Compl. at 3. It states that the courts are "foreign states" in violation of administrative and judicial procedures, and there are violations of a "contractual obligation of parties serving for pay under private contract to 'we the people.'" *Id.* It consists, for example, of various legal citations to the American Jurisprudence encyclopedia, the Texas Penal Code, the Rules of the District Courts of the State of New Hampshire, and the U.S. Department of Justice FY 2010 Budget Request for Prisons and Detention. *Id.* at 4, 10, 18. Although some of these statutes contain federal causes of action under 28 U.S.C. § 1331, the court concludes that there is no logical basis for federal jurisdiction in the Amended Complaint as currently written. *See, e.g.*, *Franklin*, 745 F.2d at 1227 n.6 (reasoning that a complaint that

is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte*).

        The court also concludes that the Amended Complaint fails under Rule 8 of the Federal Rules of Civil Procedure.  Construing the allegations in the light most favorable to the *pro se* Plaintiffs, *see Eldridge*, 832 F.2d at 1137, the court is unable to discern what Plaintiffs' claims might be, or whether any relief is possible under federal law.  Neither the Amended Complaint, nor the voluminous material attached to it, provides any comprehensible basis for determining whether Plaintiffs are entitled to relief -- it is dismissible on that basis alone.  *See, e.g.*, *Hearns*, 530 F.3d at 1131.  The Amended Complaint fails to provide sufficient notice to Defendants as to any alleged wrongdoing.  *See, e.g.*, *McHenry*, 84 F.3d at 1180.  And it certainly fails to provide a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with allegations that are "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

        The court nevertheless concludes that Plaintiffs should be allowed an opportunity to file a Second Amended Complaint in compliance with Rule 8 and that states an arguable basis for federal jurisdiction.  It may be that Plaintiffs are attempting to challenge liens or actions of the Internal Revenue Service ("IRS") under Title 26 of the United States Code, or otherwise challenge administrative

decisions of the IRS.  *See* Am. Compl. at 55; Ex. A, 1-4.  The court cannot say at this point that further amendment would be futile.  The court will therefore grant Plaintiffs leave to file a Second Amended Complaint that (1) complies with Rule 8's requirement of "simple, concise, and direct" allegations, and (2) contains a basis for federal subject matter jurisdiction.

If Plaintiffs choose to file a Second Amended Complaint:

(1) They must clearly state how each named Defendant has injured them, or how each Defendant can provide injunctive relief if that is sought.  In other words, Plaintiffs should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief; and

(2) They must clearly state the relief sought and should demonstrate the basis for a claim in federal court.  In other words, Plaintiffs must explain the basis of this court's jurisdiction.

### IV.  CONCLUSION

Accordingly, the Amended Complaint is DISMISSED without prejudice.  Plaintiffs may file a Second Amended Complaint attempting to cure the

deficiencies by December 7, 2010.  If no Second Amended Complaint is filed by that date, the action will be dismissed and Judgment will enter against Plaintiffs.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 17, 2010.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Manant, et al. v. United States, et al.*, Civ. No. 10-00566 JMS/KSC, Order Dismissing Complaint Without Prejudice