IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL JOSEPH MANANT & ANNETTE LYNNE MANANT,<br><br>           Plaintiffs,<br><br>   vs.<br><br>UNITED STATES, dba, CORPORATION, ET AL.,<br><br>           Defendants.<br>_____ | CIVIL NO. 10-00566 JMS/KSC<br><br>ORDER GRANTING PLAINTIFFS LEAVE TO FILE A THIRD AMENDED COMPLAINT, AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT |

**ORDER GRANTING PLAINTIFFS LEAVE TO FILE A THIRD AMENDED COMPLAINT, AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**

**I. INTRODUCTION**

This Order rules on two related pending Motions that the court has found suitable under Local Rule 7.2(d) for decision without an oral hearing. Specifically, the court GRANTS Plaintiffs Michael and Annette Manant's ("Plaintiffs") Motion for Leave to file a Third Amended Complaint [Doc. No. 50], and DENIES Defendants' corresponding Motion to Dismiss for Lack of Jurisdiction [Doc. No. 23] without prejudice as moot.

///

///

## II. BACKGROUND

The court sets forth the extensive procedural background to explain the context for the Motions. Plaintiffs, proceeding *pro se*, filed this action on September 30, 2010, against the following: (1) "United States, dba, Corporation," (2) "Department of IRS dba Corporation," (3) "Department of the Treasury," and (4) "Mrs. Royston" (collectively, "Defendants" or "United States"). Plaintiffs filed a substantially similar First Amended Complaint ("FAC") a week later.

On November 17, 2010, the court dismissed the FAC *sua sponte* for failure to comply with Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. The FAC asserted "claims of injury" for, among other things, violations of "The Trading with the Enemy Act, War Crimes, Hate Crimes, R.I.C.O., Honest Service Fraud & Violations of the District of Columbia Constitution & the District of Columbia Statues (sic)." FAC at 1. Attached to the FAC were exhibits consisting of 148 pages of miscellaneous documents. The court, however, granted Plaintiffs leave to amend. Accordingly, on December 7, 2010, Plaintiffs filed a Second Amended Complaint ("SAC") against the same Defendants except "Mrs. Royston." Doc. No. 18.

The SAC omitted many prior allegations, but raised in somewhat clearer fashion Plaintiffs' prior dealings with the Internal Revenue Service. On

December 28, 2010, Defendants filed a Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss"). Doc. No. 23. Plaintiffs responded on January 14, 2011 by filing a "Motion to Leave[] to Amend and Properly Invoke Jurisdiction" ("Motion to Amend"). Doc. No. 28. Magistrate Judge Chang denied the Motion to Amend without prejudice, Doc. No. 36, and the same day this court issued an Order indicating it would address issues in the Motion to Amend at the same time as the Motion to Dismiss. Doc. No. 35.

Plaintiffs subsequently sought an additional thirty days to respond to the Motion to Dismiss. Doc. No. 40. The court gave Plaintiffs eight additional days, but allowed Plaintiffs to include a motion to amend as part of their Opposition to the Motion to Dismiss and excused certain requirements of the Local Rules for motions to amend. Doc. No. 42. Accordingly, on February 23, 2011, Plaintiffs filed their "Response to Motion to Dismiss [and] Motion for Leave to File Third Amended Complaint" ("Motion for Leave to Amend"). Doc. Nos. 49, 50. Defendants filed a Reply on February 28, 2011, Plaintiffs filed an additional Response on March 6, 2011, and Defendant filed a corresponding additional Reply on March 10, 2011. *See* Doc. Nos. 51, 52, and 54.[1]

---

[1] In an exercise of discretion, the court will allow the additional Response and Reply memoranda. In any event, many of the arguments are premature as explained below.

## III. DISCUSSION

Defendants argue that the SAC, like the prior versions of the Complaint, is verbose and is "composed of hackneyed tax defier rhetoric and irrelevant exhibits." Doc. No. 23, at 2. The main argument, however, is that the court lacks subject matter jurisdiction because the United States has sovereign immunity, and the SAC fails to articulate a basis for any cause of action that waived such immunity.

In response, Plaintiffs filed their Motion for Leave to Amend, indicating that they seek to bring a claim under 26 U.S.C. § 7433, which provides for damages against the United States for "certain unauthorized collection actions" as follows:

> (a) In general. -- If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Plaintiffs appear to argue that they can allege (in a Third Amended Complaint) that they were involved in ongoing "offer-in-compromise" proceedings under 26 U.S.C. § 7122(c)(1)(B), and that government officials willfully or otherwise wrongfully disregarded certain provisions (*e.g.*, 26 U.S.C. §§ 7122(d)(2)(A) & (B),

4

and/or 26 U.S.C. §§ 6301, 6303) "in connection with any collection of Federal tax." 26 U.S.C. § 7433(a). They seek to file a Third Amended Complaint in response to the Motion to Dismiss, to attempt to state such claims.

Although the court has previously dismissed a prolix version of the Complaint, the court at this stage cannot find that a further amendment would be futile. "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiffs have identified at least a colorable basis for stating a claim against the United States.

Defendants respond by arguing that the court would lack subject matter jurisdiction because Plaintiffs did not exhaust administrative remedies under 26 U.S.C. § 7433(d)(1), and exhaustion of remedies is a jurisdictional defect. They rely on *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 979 (9th Cir. 2002) ("[W]e have found the failure to exhaust administrative remedies to be a bar to federal subject matter jurisdiction where the exhaustion statute explicitly limits the grant of subject matter jurisdiction and is an integral part of the statute granting jurisdiction."), and *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1993) (indicating that where plaintiff failed to exhaust administrative remedies "[t]he

5

court lacked jurisdiction to hear her").

The exhaustion issue, however, is not so simple. It is far from clear that the court would lack subject matter jurisdiction even if administrative remedies were not exhausted. Intervening Supreme Court authority indicates, in certain contexts, that exhaustion of administrative remedies need not be pled and the failure to exhaust is not jurisdictional. *See Jones v. Bock*, 549 U.S. 199, 211-14 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006). Indeed, at least one court has indicated, based on these Supreme Court cases, that the exhaustion requirement in § 7433(d) is not jurisdictional. *See Ramer v. United States*, 620 F. Supp. 2d 90, 99 (D. D.C. 2009). Whether such a ruling would apply in the Ninth Circuit is beyond the scope of the current proceeding. The United States may raise these arguments by an appropriate motion later, if Plaintiffs actually file a Third Amended Complaint asserting claims under § 7433.

Accordingly, the court will allow Plaintiffs to file a Third Amended Complaint to attempt to assert a claim or claims under § 7433. The court cautions that a Third Amended Complaint should comply with Rule 8 of the Federal Rules of Civil Procedure; it must contain "simple, concise, and direct" factual allegations, as well as the basis for federal subject matter jurisdiction. It must allege sufficient facts to state a "plausible" claim, and clearly set forth separate counts for each

cause of action. It should not contain argument, or unnecessary citations to irrelevant statutes such as the "Trading With the Enemy Act," or rhetoric regarding "war or hate crimes" (as was done in prior versions of the Complaint).

Plaintiffs are also notified that an amended complaint supercedes the prior complaint and must be complete in itself without reference to prior or superceded pleadings. *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Plaintiffs need not, as was done with prior versions of the Complaint, attach voluminous tax filings and documents regarding their prior dealings with the Internal Revenue Service. Plaintiffs are also notified that they must make proper service of any Third Amended Complaint, in accordance with Federal Rule of Civil Procedure 4(i) if they have not fulfilled those conditions with a prior version of the Complaint

## IV. **CONCLUSION**

Plaintiffs' Motion for Leave to File a Third Amended Complaint [Doc. No. 50] is GRANTED. Plaintiffs may file a Third Amended Complaint in accordance with this Order by **April 11, 2011**. If no Third Amended Complaint is filed by that date, the action will be dismissed without prejudice. There must be proper service of such a Third Amended Complaint.

Defendants' Motion to Dismiss for Lack of Jurisdiction [Doc. No. 23]

is DENIED without prejudice as MOOT.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 22, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Manant, et al. v. United States, et al.*, Civ. No. 10-00566 JMS/KSC, Order Granting Plaintiffs Leave to File a Third Amended Complaint, and Denying Defendants' Motion to Dismiss as Moot