IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL JOSEPH MANANT & ANNETTE LYNNE MANANT, | ) ) ) | CIVIL NO. 10-00566 JMS/KSC |
|---|---|---|
| Plaintiffs, | ) ) | ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS AND |
| vs. | ) ) ) | ALTERNATIVE MOTION FOR SUMMARY JUDGMENT |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiffs Michael and Annette Manant ("Plaintiffs"), proceeding *pro se*, seek damages under 26 U.S.C. § 7433 against Defendant United States of America (the "government") for alleged statutory and regulatory violations by the Internal Revenue Service ("IRS"). The government moves to dismiss or, in the alternative, for summary judgment, contending that (1) Plaintiffs have failed to exhaust available administrative remedies, and (2) some of Plaintiffs' claims are time-barred, and otherwise fail on the merits. For the reasons set forth, the Motion is GRANTED.

## II. BACKGROUND

**A.     Factual Background**

This suit arises from dealings Plaintiffs have had with the IRS regarding accrued liabilities for unpaid income taxes for their 1998, 1999, and 2000 tax years. Third Am. Compl. ("TAC") ¶¶ 7C-E, Doc. No. 57; Yee Decl. Exs. A-C, Doc. Nos. 62-2 to 62-4. Notices of Federal Tax Liens ("NFTL") regarding those tax liabilities were issued on August 29, 2003 and April 16, 2004. Doc. No. 62-2, at 5; Doc. No. 62-3, at 4; Doc. No. 62-4, at 4.[1] In an attempt to settle those tax liabilities, Plaintiffs submitted an "offer in compromise" to the IRS on December 30, 2009. Doc. No. 57 ¶ 7E. The IRS rejected the offer on August 21, 2010. Doc. No. 62-2, at 7. The TAC disputes the basis of the IRS's rejection of the offer in compromise, alleging the IRS wrongly rejected the offer. Doc. No. 57 ¶¶ XI to XXIV.

Dissatisfied with the rejection of their offer in compromise, Plaintiffs filed this action against the IRS and an IRS employee on September 30, 2010. Doc. No. 1. Plaintiffs followed with First and Second Amended Complaints, which the court dismissed with leave to amend. Plaintiffs filed the TAC on April

---

[1] The TAC alleges slightly different dates, stating that Notices of Federal Tax Liens were filed in Kitsap County, Washington, on September 17, 2003 and April 21, 2004. Doc. No. 57 ¶¶ 7D&E.

11, 2011. The TAC alleges causes of action against the government for monetary damages under 26 U.S.C. § 7433, which allows recovery of damages if an IRS employee "intentionally, recklessly, or negligently" disregards a provision of the tax code "in connection with any collection of Federal tax." *See* 26 U.S.C. § 7433(a).

In Counts One through Eight,[2] the TAC alleges that the IRS violated: (1) 26 U.S.C. § 6303, by failing to provide notice and a demand for Plaintiffs' tax liabilities for the tax years 1998, 1999, and 2000, Doc. No. 57 ¶¶ XXV–XXIX; and (2) 26 C.F.R. §§ 301.6323(a)-1 & 301.6321-1, also by failing to provide notice and a demand for the Plaintiffs' tax liabilities for those tax years, Doc. No. 57 ¶¶ XXX–XXXIII.

In Counts Nine through Fifteen, the TAC alleges that the IRS violated 26 C.F.R. §§ 301.7122-1(b)(3) & 301.7122-1(c), by failing to accept the Manants' offer in compromise (by acts such as failure to consider collectibility and economic hardship, and "willfully inflating" the value of Plaintiffs' property in Kitsap County, Washington), Doc. No. 57 ¶¶ XXXIV–XL.

///

///

---

[2] The TAC alleges "Count Three" twice. *See* Doc. No. 57, at 13-14.

B.  Procedural Background

On April 19, 2011, the government filed its Motion to Dismiss Third Amended Complaint and Alternative Motion for Summary Judgment.  Doc. No. 62.  It contends that the court lacks subject matter jurisdiction because Plaintiffs have failed to exhaust administrative remedies, and alternatively, if exhaustion is not jurisdictional, that the action should be dismissed for such failure.  The government also argues that Counts One through Eight are barred by the statute of limitations and also fail on the merits.  Plaintiffs filed their Opposition on May 30, 2011, and the government filed its Reply on June 7, 2011.  Doc. Nos. 65 & 66. Under Local Rule 7.2(d), the court decides the Motion without an oral hearing, based upon the written submissions.

### III.  STANDARDS OF REVIEW

A.  **Motion to Dismiss for Lack of Subject Matter Jurisdiction, or for Failure to Exhaust Administrative Remedies**

Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal of a claim for lack of subject matter jurisdiction.  "[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court."  *St. Clair v. Chico*, 880 F. 2d 199, 201 (9th Cir. 1989).  "With a [Rule] 12(b)(1) motion, a court may weigh the evidence to determine

whether it has jurisdiction." *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005). When a court considers evidence in a Rule 12(b)(1) motion, it construes disputes of fact in favor of the non-movant. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996).

If exhaustion of administrative remedies is not jurisdictional, it is an affirmative defense that a defendant has both the burden of raising and proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (addressing exhaustion requirements under 28 U.S.C. § 1997e(a)). A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. *Wyatt*, 315 F.3d at 1119. In deciding such a motion, the district court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. When such a motion to dismiss requires the court to look beyond the pleadings and consider evidence, it does so under "a procedure closely analogous to summary judgment." *Id.* at 1120 n.14.

**B.     Motion for Summary Judgment**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential

to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law."

*In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor." (citations omitted)).

## IV.  DISCUSSION

The government's primary argument is that Plaintiffs did not exhaust administrative remedies. Thus, the court either lacks subject matter jurisdiction or, if not a matter of jurisdiction, must nevertheless dismiss the action. The government also contends that claims based on failure to provide proper notice of deficiency and a demand for payment (Counts One through Eight) are time-barred and fail on the merits.

**A.    Plaintiffs' Claims Are Barred for Failure to Exhaust Administrative Remedies**

The TAC asserts violations of 26 U.S.C. § 7433(a), which provides in pertinent part:

> (a)  In general. -- If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or

> intentionally, or by reason of negligence disregards any
> provision of this title, or any regulation promulgated
> under this title, such taxpayer may bring a civil action for
> damages against the United States in a district court of
> the United States.

A plaintiff, however, must exhaust administrative remedies before a court may award damages for a violation of § 7433(a). Section 7433(d)(1) provides:

> A judgment for damages shall not be awarded under
> subsection (b) [allowing damages for violation of
> § 7433(a)] unless the court determines that the plaintiff
> has exhausted the administrative remedies available to
> such plaintiff within the Internal Revenue Service.

The government first points out that the TAC fails even to allege that Plaintiffs exhausted administrative remedies. It thus argues that the court lacks subject matter jurisdiction, citing *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 979 (9th Cir. 2002) ("[W]e have found the failure to exhaust administrative remedies to be a bar to federal subject matter jurisdiction where the exhaustion statute explicitly limits the grant of subject matter jurisdiction and is an integral part of the statute granting jurisdiction."), and *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1993) (indicating in a 26 U.S.C. § 7433 context that where plaintiff failed to exhaust administrative remedies "[t]he court lacked jurisdiction to hear her").

*Conforte*, however, did not analyze whether § 7433 "explicitly limits

the grant of subject matter jurisdiction" as discussed in *McBride Cotton*. And intervening Supreme Court authority has clarified that, in certain contexts, exhaustion of administrative remedies need not be pled and the failure to exhaust is not jurisdictional. *See Jones*, 549 U.S. at 211-16; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006) (reasoning that unless Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, . . . courts should treat the restriction as non-jurisdictional in character") (footnote and citation omitted). Indeed, the government notes that, after *Arbaugh*, other circuits have determined that the exhaustion requirement in § 7433(d) is not jurisdictional. *See Hoogerheide v. IRS*, 637 F.3d 634, 636 (6th Cir. 2011) ("Mandatory though the exhaustion requirement in § 7433(d) may be, it is not jurisdictional."); *see also Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011) (concluding that "exhaustion is not a pleading requirement under [§ 7433]"). It thus appears that Ninth Circuit precedent (*Conforte*) is no longer valid to the extent it requires exhaustion to be pled and deems a failure to exhaust under § 7433(d) to be a jurisdictional defect.

The court, however, need not determine whether *Conforte* is "clearly irreconcilable" with intervening precedent. *See, e.g.*, *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Regardless of whether it is jurisdictional,

administrative exhaustion is mandatory under § 7433(d)(1)'s plain terms.[3]

Although it argues the point, the government's Motion does not rely exclusively on Plaintiffs' failure to plead exhaustion or on a lack of jurisdiction. That is, whether or not § 7433 is a pleading requirement, the government also affirmatively raises Plaintiffs' failure to exhaust as a defense and provides evidence to that effect. The government proffers the declaration of an IRS technical advisor, Clara Yee, who attests that she is familiar with, and possesses, IRS administrative materials relating to this matter and that "there is no record of an administrative claim for damages" by Plaintiffs. *See* Clara Yee Decl. ¶¶ 2, 7, Doc. No. 62-1.

Plaintiffs do not respond with any evidence that they did in fact exhaust administrative remedies -- arguing instead that Yee is only familiar with this matter because she has read documents and thus has no personal knowledge of relevant events. Pls.' Opp'n at 5-8, Doc. No. 65. Yee's declaration, however, is sufficient to meet the government's initial burden -- reading the documents

---

[3] Regulations corresponding to 26 U.S.C. § 7433 specifically provide for administrative remedies. *See* 26 C.F.R. § 301.7433-1(e) (setting forth the procedures for filing an administrative claim), *and* 26 C.F.R. § 301.7433-1(a) ("An action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e) of this section[.]").
  Similarly, the government points out that a taxpayer may administratively appeal a rejection of an offer to compromise. *See* 26 C.F.R. § 301.7122-1(f)(5) ("The taxpayer may administratively appeal a rejection of an offer to compromise to the IRS Office of Appeals[.]"). It also notes that Plaintiffs could have sought review in the Tax Court of the IRS's denial of their offer in compromise under 26 U.S.C. § 6330. Doc. No. 62, at 16 n.4.

certainly provides sufficient personal knowledge of the contents of the IRS records to be able to determine whether or not those records contain an administrative claim by Plaintiffs. Applying summary judgment standards, Plaintiffs have not met their corresponding evidentiary burden to produce contrary evidence. It is thus established that Plaintiffs failed to exhaust remedies as required in § 7433(d)(1). *See, e.g.*, *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87 ("When the moving party has carried its burden under Rule 56[(a)] its opponent must . . . come forward with specific facts showing that there is a *genuine issue for trial*."). Because Plaintiffs have not exhausted administrative remedies, the claims are dismissed without prejudice.[4]

**B.     Counts One Through Eight Are Barred by the Statute of Limitations, and Otherwise Fail on the Merits**

The government also argues that Counts One through Eight of the TAC are time-barred and fail on the merits. The court agrees.

Section 7433(d)(3) provides:

> Period for bringing action. -- Notwithstanding any other provision of law, an action to enforce liability created under [26 U.S.C. § 7433] may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

---

[4] Counts One through Eight are ultimately dismissed with prejudice for additional reasons, as set forth below.

Counts One through Eight are all based upon the premise that the IRS failed to provide a notice of the amount of the tax deficiencies and a demand for payment (a "notice and demand") within sixty days of an assessment. *See* 26 U.S.C. § 6303(a). The government argues that such claims would have accrued in August 2003 and April 2004, when NFTLs were issued. A "notice and demand" is a prerequisite for an NFTL. *See* 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States[.]"). Thus, Plaintiffs should have been aware of a missing notice and demand -- if truly not provided -- when they received NFTLs. And so the statute of limitations would run from the date of the NFTLs: August 2003 and April 2004. *See, e.g.*, *Santoro v. United States*, 2008 WL 2130423, at *3 (E.D. Tex. May 16, 2008) ("[T]he Court looks to the date of the collection activity to see whether the claim was timely brought."). By any measure, Plaintiffs' claims for failure to provide notice are time-barred -- the last NFTL was issued in April 2004 and this action was first brought on September 30, 2010.

In any event, even if Counts One through Eight are not time-barred, the record establishes that notices and demands were provided to Plaintiffs in August and September 2002, and in September 2003. The government provides IRS Forms 4340, Certificate of Assessments, Payments, and Other Specified

Matters ("Form 4340 Certificates") for the relevant tax years, which are authenticated by IRS. *See* Yee Decl. ¶¶ 2, 5-6, Doc. No. 62-1. The Form 4340 Certificates provide that notice was issued on August 12, 2002, September 9, 2002, and September 15, 2003. *See* Doc. No. 62-2, at 5; Doc. No. 62-3, at 4; Doc. No. 62-4, at 3.

Plaintiffs argue that the originals, not copies, of the Form 4340 Certificates are needed to satisfy Rule 1002 of the Federal Rules of Evidence (regarding "best evidence"). They question the authenticity of the Certificates. Again, however, Yee's declaration is sufficient to meet the government's initial burden. *See United States v. Suganuma*, 546 F. Supp. 2d 996, 1002 (D. Haw. 2008) ("IRS Forms 4340 are self-authenticating as public documents under seal and as certified copies of official documents."). And Ninth Circuit precedent specifically holds that Form 4340 Certificates are sufficient to establish that statutory notice and demand was made to a taxpayer. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (concluding that a Form 4340 Certificate can establish whether the IRS sent a notice and demand for payment); *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) (explaining that Form 4340 Certificates are presumptive evidence of a valid assessment). Plaintiffs have failed to meet their burden to produce any evidence to rebut the information in the

Form 4340 Certificates. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87. Accordingly, it is established that sufficient notice was given. Thus, Counts One through Eight, if not time-barred, fail on the merits. Those Counts are dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the court GRANTS Defendant United States of America's Motion to Dismiss Third Amended Complaint and Alternative Motion for Summary Judgment on April 19, 2011, Doc. No. 62. Counts One through Eight are dismissed with prejudice. Counts Nine through Fifteen are dismissed without prejudice for failure to exhaust administrative remedies. Judgment shall issue in favor of Defendant. The Clerk of Court shall close the case file and terminate the action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 30, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Manant et al. v. United States*, Civ. No. 10-00566 JMS/KSC, Order Granting Defendant United States of America's Motion to Dismiss and Alternative Motion for Summary Judgment